**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JEREMIAH A. CONTEH,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF MARYLAND,<br><br>  Respondent. | Civil Action No.: PWG-18-3785 |

**MEMORANDUM OPINION**

In response to the Petition for Writ of Habeas Corpus that Petitioner filed pursuant to 28 U.S.C. § 2254, Respondent asserts the petition should be dismissed because Petitioner Jeremiah Conteh has not exhausted State remedies and, alternatively, the claims raised are without merit. ECF No. 7. Conteh, who is self-represented, was provided with an opportunity to file a Reply addressing the matters asserted in the Response, but has not done so. ECF No. 8.[1] The Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition shall be dismissed without prejudice.

On September 20, 2017, Conteh was convicted of second-degree assault and resisting arrest following a jury trial in the Circuit Court for Prince George's County, Maryland. ECF No. 7-1 at 15-16. On December 15, 2017, he was sentenced to serve ten years, five years suspended for the assault and three years concurrent for resisting arrest. *Id*. at 15.

---

[1] The response was due by March 22, 2019. Order, ECF No. 8.

In his direct appeal of his conviction Conteh challenged the trial court's ruling admitting into evidence Hana Mebrahtu's (the victim) statements to police[2] at the scene of the crime, alleging it was inadmissible hearsay. ECF No. 7-1 at 19-34. Additionally, Conteh claimed the evidence against him was insufficient to sustain the guilty verdict against him. *Id*. at 34-40.

In its unreported November 13, 2018 opinion, the Maryland Court of Special Appeals affirmed Conteh's convictions. ECF No. 7-1 at 73-77. The mandate was issued on January 8, 2019. *Id*. at 78.

On December 27, 2018, Conteh filed a self-represented petition for writ of certiorari with the Maryland Court of Appeals. ECF No. 7-1 at 79, *see also id*. at 80-81 (petition). At the time Respondent filed the Answer, the petition was still pending.[3]

In the petition filed with this Court, which is difficult to discern, Conteh appears to raise claims regarding the sufficiency of the evidence against him alleging: the victim committed perjury because the police told her to lie; that police violated his First, Eighth, and Fourteenth Amendment rights; that the State's Attorney committed perjury; the victim said in court that someone else assaulted her; there was no reason for Conteh to be arrested; the arresting officers should be fired; the victim lied to police when she identified Conteh as her assailant; and other claims besmirching the character of the victim, Prince George's County police, the presiding judge at trial, and the State's Attorney. ECF No. 1 at 1-5.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c);

---

[2] Ms. Mebrahtu had no memory of how she sustained her injuries. ECF No. 7-1 at 16.

[3] On February 25, 2019, Conteh's petition for writ of certiorari was denied by the Court of Appeals. *See State v. Conteh*, Case No. CJ170488 (Pr. George's Co. Cir. Ct. 2017) at http://casesearch.courts.state.md.us/casesearch/. A supplemental petition for certiorari review was denied March 5, 2019. *Id*. Conteh filed a petition for post-conviction relief with the Circuit Court for Prince George's County on April 12, 2019, which remains pending. *Id*.

*see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Cts. & Jud. Proc. § 12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 438 A.2d 1301, 1305 (Md. 1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Code Ann., Crim. Proc. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams*, *supra*.

The purpose of the exhaustion requirement is to promote comity in the federal system. The Supreme Court explained:

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Rose v. Lundy*, 455 U.S. 509, 518 (1982) (internal quotations omitted).

The state courts must be given a meaningful opportunity to oversee their own operations to address alleged errors, correct constitutional deficiencies, and to consider claims of first impression. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (requiring more than perfunctory presentation of claims to state courts). Federal habeas review is only available after the state courts are "provided a full and fair opportunity to review earlier state court proceedings." *Whittlesey v. Circuit Court for Baltimore Cnty,* 897 F.2d 143, 145 (4th Cir. 1990). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994), citing *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *Nadworny v. Fair*, 872 F.2d 1093, 1098 (1st Cir. 1989). As noted, Conteh has left unaddressed Respondent's assertion that the petition is unexhausted and subject to dismissal, i.e., Conteh has claims that are the subject of a certiorari petition that remains pending before the Maryland Court of Appeals. Although it appears that Conteh's petition for writ of certiorari was denied by the Court of Appeals, Conteh filed a petition for post-conviction relief with the Circuit Court for Prince George's County on April 12, 2019, which remains pending. Accordingly, this petition shall be dismissed without prejudice by separate Order which follows.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  Conteh fails to meet this standard and a Certificate of Appealability shall not issue.

\_\_April 23, 2020\_\_\_\_  
Date

\_\_\_\_/S/_____  
Paul W. Grimm  
United States District Judge